UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

APR **1 3** 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PARTHASARATHY SUDARSHAN,<br><br>Defendant. | Criminal No. 07-051<br>RMU/DAR |

## MEMORANDUM OF FINDINGS OF FACT AND STATEMENT OF REASONS IN SUPPORT OF ORDER OF DETENTION

### I. INTRODUCTION

Defendant is charged by a 15-count indictment with trafficking in ballistic missile components, trafficking in a key component for the navigation and weapons guidance systems of an advanced fighter jet, and being the illegal agent of a foreign government.[1]  A detention hearing was conducted by the undersigned United States Magistrate Judge on April 5, 2007.

Upon consideration of the proffers and arguments of counsel and the entire record herein, the defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e).  The findings of fact and statement of reasons in support of the Order of Detention follow.

### II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition

---

[1] Defendant is accused of violating 18 U.S.C. §§ 2, 371, 951; 50 U.S.C. § 1705; 22 U.S.C. § 2778; 22 C.F.R. Parts 120-130, 15 C.F.R. Parts 730-774; and Executive Order 13222.

United States v. Sudarshan                                                                        2

or combination of conditions will reasonably assure . . . the safety of any other person and the

community, such judicial officer shall order the detention of the [defendant] before trial." 18

U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order

pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788

F.2d 100, 113 (3d Cir.), cert. denied, 479 U.S. 864 (1986); United States v. Sazenski, 806 F.2d

846, 848 (8th Cir. 1986).

        Where the government seeks pretrial detention on the ground that no condition or

combination of conditions will reasonably assure the appearance of defendant as required, it has

the burden of establishing by a preponderance of the evidence that the defendant will flee before

trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S.

841 (1986). The judicial officer must determine that "it is more likely than not that no condition

or combination of conditions will reasonably assure an accused's appearance." United States v.

Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

        In determining whether there are conditions of release which will reasonably assure the

appearance of the person as required and the safety of any other person and the community, the

judicial officer shall take into account the available information concerning (1) the nature and

circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the

defendant's history and characteristics; and (4) the nature and seriousness of the danger to any

person or to the community which would be posed by the defendant's release. See 18 U.S.C.

§ 3142(g).

United States v. Sudarshan                                                              3

### III. <u>DISCUSSION</u>

At the hearing, the government adopted the proffers and arguments set forth in its

Memorandum in Support of Pretrial Detention and the attached exhibits (Docket No. 8).

Through his counsel, Defendant proffered that he was not a flight risk and should be

released on personal recognizance, consistent with the recommendation of the Pretrial Services

Agency. Defendant's counsel also proffered that the Defendant does have ties to the United

States, and that his family lives in South Carolina and his business is located there. Defendant, at

the hearing, surrendered his passport to the government's counsel to demonstrate that he did not

plan to flee the country if released. Counsel for the Defendant also proffered that Defendant was

not a danger to the community. Defendant's counsel further proffered that Defendant's release

would allow the Defendant to better prepare for his defense in this matter.

### IV. <u>FINDINGS OF FACT</u>

Upon consideration of the factors enumerated in 18 U.S.C. § 3142(g), the undersigned

finds by a preponderance of the evidence that no condition of release or combination of conditions

would reasonably assure Defendant's appearance. First, the nature and circumstances of the

offenses charged indicate that the defendant was actively involved in a conspiracy to sell weapon

parts to foreign entities without permission from the appropriate federal agencies.

Second, the undersigned finds, for the reasons proffered by the government, that the

weight of the evidence against Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release. While it

appears that Defendant has no prior convictions, the Defendant is a citizen of Singapore and he

United States v. Sudarshan                                                                    4

appears that Defendant has no prior convictions, the Defendant is a citizen of Singapore and he

and his family are here on L-1 visas which expire in July 2007, and which cannot be renewed.

Finally, the undersigned is satisfied that the toll which the activities alleged in this action

have on the safety of this country is well-documented and need not be repeated here. The

undersigned finds that the proffered evidence of Defendant's significant involvement in the

conspiracy demonstrates that he is not amenable to community supervision.


## V. **CONCLUSION**

On the basis of the foregoing findings of fact and reasons, defendant will be held without

bond pursuant to the April 5, 2007 Order of Detention.


                                        _____/s/_____
                                        DEBORAH A. ROBINSON
                                        United States Magistrate Judge


___April 13, 2007_____
        DATE

___April 5, 2007_____
   NUNC PRO TUNC