UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-051 (RMU) |
| | : | |
| v. | : | |
| | : | |
| PARTHASARATHY SUDARSHAN, and | : | |
| MYTHILI GOPAL, | : | |
| | : | |
| Defendants. | : | |

GOVERNMENT'S MOTION FOR THE ENTRY OF AN ORDER REFLECTING
THE COURT'S FINDINGS IN SUPPORT OF ITS PREVIOUS GRANTING OF
THE GOVERNMENT'S REQUEST TO EXCLUDE TIME FROM THE
SPEEDY TRIAL ACT COMPUTATION

The United States of America, through its undersigned counsel, moves the Court to enter a formal order setting forth the findings that support its previous decision to grant the government's motion to exclude time from the Speedy Trial Act computation in this matter pursuant to 18 U.S.C. § 3161(h)(9) in order to permit the government to obtain evidence from the Republic of Singapore. In support of this motion, the government states as follows:

1. On April 30, 2007, pursuant to 18 U.S.C. § 3161(h)(9), the government filed its Motion to Exclude Time from Speedy Trial Act Computation. In support of that motion, the government also submitted a sworn declaration from the undersigned Assistant United States Attorney establishing that the government had made a formal request for evidence to Singapore and that it reasonably appeared that evidence pertinent to this prosecution was in Singapore. These showings are the prerequisites for an exclusion of time under § 3161(h)(9), and the government must support them by a preponderance of the evidence.

2. At the status hearing on May 1, 2007, the Court orally granted the government's

motion over the objection of defendant Sudarshan. Later that same day, the Court issued a minute entry that, among others things, memorialized the Court's ruling.

      3.      Unlike § 3161(h)(8)(A) of the Speedy Trial Act, which requires a court, when granting an "ends of justice continuance," to set "forth, in the record of the case, either orally or in writing, its reasons for" granting the continuance, § 3161(h)(9) merely requires a court to make "a finding by a preponderance of the evidence" that the prerequisites for an exclusion of time under that provision have been satisfied. By granting the government's motion, the Court implicitly found that the government had met its burden by a preponderance of the evidence. Nevertheless, defendant Sudarshan did object to the government's motion. And, since the status hearing, the D.C. Circuit issued its opinion <u>United States v. Sanders</u>, No. 05-3133 (D.C. Cir. May 11, 2007), in which it strictly construed the Speedy Trial Act. Accordingly, out of an abundance of caution, the government is requesting that the Court enter the accompanying proposed order that formally articulates the factual findings that support the Court's earlier decision to exclude time under § 3161(h)(9). In addition, the government is asking that the Court enter the order *nunc pro tunc* to May 1, 2007.

**Conclusion**

For the foregoing reasons, the Court should grant the government's motion.

                                          Respectfully submitted,

                                          JEFFREY A. TAYLOR
                                        UNITED STATES ATTORNEY
                                        D.C. Bar No. 498610

By:                    /s/
                                        Jay I. Bratt
                                        Assistant United States Attorney
                                        Illinois Bar No. 6187361
                                        National Security Section
                                        Room 11-437
                                        555 Fourth Street, NW
                                        Washington, D.C.  20530
                                        (202) 353-3602
                                        Jay.Bratt@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-051 (RMU)** |
| | : | |
| v. | : | |
| | : | |
| **PARTHASARATHY SUDARSHAN, and** | : | |
| **MYTHILI GOPAL,** | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Before the Court is the government's motion to exclude time from the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(9) because of the government's request for evidence to the Republic of Singapore. Upon consideration of the government's motion, the Court finds by a preponderance of the evidence that the United States Department of Justice, an authority of the United States having criminal law enforcement responsibility, has made a request to the Attorney General of the Republic of Singapore for evidence relevant to the offenses charged in the indictment in this matter. The Court further finds by a preponderance of the evidence that it reasonably appears that such evidence is in the Republic of Singapore. Accordingly, the Court **GRANTS** the government's motion. The computation of time under the Speedy Trial Act is hereby excluded for up to four (4) months from the date of this Order to permit the government to obtain the evidence that it has requested from the Republic of Singapore.

It is further **ORDERED** that the government shall immediately inform the Court upon satisfaction by the Republic of Singapore of its request for evidence. Upon such notification, the

tolling of the Speedy Trial Act time shall cease, unless such time is being tolled for some other reason.

**DONE AND ORDERED** this _____ day of June, 2007, ***nunc pro tunc* to May 1, 2007**.

_____
Honorable Ricardo M. Urbina
United States District Judge